HARBERT L. IRVINE AND WINNIE M. IRVINE
v.
LLOYD E. CAMP, MONROE STREET BAPTIST CHURCH AND ABC INSURANCE COMPANY.
No. 2008 CA 2284.
Court of Appeals of Louisiana, First Circuit.
June 17, 2009.
Not Designated for Publication
RAYMOND C. BURKART, Jr., KATHERINE O. BURKART, Attorneys for Plaintiffs/Appellants Harbert L. Irvine and Winnie M. Irvine.
JAMES M. BENSON, MICHAEL J. TARLETON, RHONDA J. THOMAS, Attorneys for Defendants/Appellees, Lloyd E. Camp, Monroe Street, Baptist Church and GuideOne, Mutual Insurance Company.
Before PETTIGREW, McDONALD, HUGHES, JJ.
McDONALD, J.
Harbert L. Irvine and Winnie M. Irvine filed suit for damages against the pastor of their church, Lloyd E. Camp, the Monroe Street Baptist Church, and ABC Insurance Company, its liability insurer, after Mrs. Irvine was injured following an incident at the church between her and Mr. Camp. Mrs. Irvine, 64 years old, was a volunteer organist and flower arranger for the church. She was summoned to the church by Mr. Camp and instructed to open the flower room for the fire inspector. Mr. and Mrs. Irvine had recently changed the locks to the flower room and kept the only keys themselves. Mrs. Irvine and Mr. Camp began arguing. Mrs. Irvine asserted in her suit that as she was standing in the doorway of Mr. Camp's office he pushed her violently across the hallway into the other wall, causing injury. Mr. Camp, who has diabetic retinopathy and limited vision in one eye, testified that Mrs. Irvine aggressively backed him into his office while yelling at him, that she struck him near his eyes, and that he had raised his hands to protect his good eye when his hands came into contact with her.
After a trial on the merits, which included testimony from Mrs. Irvine, Mr. Irvine, Mr. Camp and several witnesses who were at the church, including a fire marshal, the jury found that Mr. Camp made physical contact with Mrs. Irvine and that she was injured from this contact. Further, the jury found that Mrs. Irvine's injuries were caused 75% by her and 25% by Mr. Camp. The jury awarded damages to Mrs. Irvine in the amount of $20,000.00 for past medical bills; zero for future medical bills; $24,000.00 for past pain and suffering; zero for future pain and suffering; and zero for loss of enjoyment of life; for a total of $44,000.00 in damages, reduced by her 75% fault. The jury found that Mr. Irvine did not suffer any loss of consortium from the injuries to his wife.
Mr. and Mrs. Irvine filed a motion for judgment notwithstanding the verdict and additur and a motion for a new trial, and for expert witness fees and assessment of costs. The motion for judgment notwithstanding the verdict and the motion for new trial were both denied. The trial court granted the assessment of costs in the amount $12,805.63, to be paid by Mr. Camp and the Monroe Street Baptist Church.
Mr. and Mrs. Irvine are appealing the judgment, asserting that the trial court: erred in apportioning 75% of the fault to Mrs. Irvine and only 25% to Mr. Camp; erred in failing to award Mrs. Irvine the full amount of her past medical expenses; erred in failing to reasonably and adequately compensate Mrs. Irvine for her past pain and suffering; erred in failing to award Mrs. Irvine any damages for future medical expenses, future pain and suffering, and loss of enjoyment of life; erred in failing to award Mr. Irvine damages for loss of consortium; and erred in failing to grant the motion for judgment notwithstanding the verdict, or alternatively, the motion for a new trial.
Assignment of error number one asserts that the jury erred in its assessment of fault. The jury listened to the testimony of numerous witnesses and ultimately found Mrs. Irvine 75% at fault for the incident and Mr. Camp 25% at fault for the incident. After a thorough review of the evidence, including all of the witness testimony to the incident, we find no manifest error in that determination of fault.
Assignment of error number two asserts that the jury erred in failing to award the full amount of Mrs. Irvine's past medical expenses. A thorough review of the evidence shows that while Mrs. Irvine was injured in the altercation, she also had preexisting injuries, and she suffered injuries in a later fall at Home Depot. We cannot say that the damages awarded, $20,000.00, were so low as to be manifestly erroneous.
Assignment of error number three asserts that the jury failed to adequately compensate Mrs. Irvine for past pain and suffering. The jury awarded Mrs. Irvine $24,000.00 for past pain and suffering. After a review of the record, we cannot say that the jury manifestly erred in awarding $24,000.00 for past pain and suffering.
Assignment of error number four asserts that the jury erred in failing to award Mrs. Irvine any damages for future medical expenses, future pain and suffering, and loss of enjoyment of life. After a review of the record, we cannot say the jury manifestly erred in declining to award damages for future medical expenses, future pain and suffering, and loss of enjoyment of life.
Assignment of error number five asserts that the jury erred in failing to award Mr. Irvine any amount for loss of consortium. There was testimony in the record from Mr. and Mrs. Irvine to support the claim for loss of consortium. Again, the jury did not find that all of her injuries were the result of this incident. However, we do find that some loss of consortium should be awarded under the circumstances of this case. Thus, we amend the judgment to award Mr. Irvine $5,000.00 for loss of consortium, subject to previous allocation of fault.
The sixth assignment of error asserts that the trial court erred in failing to grant the motion for judgment notwithstanding the verdict, or alternatively, the motion for new trial. We find no error in the trial court's denial of the motion for judgment notwithstanding the verdict and denial of the motion for new trial.
Thus, for the foregoing reasons, we amend the judgment to award Mr. Irvine $5,000.00 for loss of consortium, and as amended, the judgment is affirmed. Costs are assessed against Mr. Camp and the Monroe Street Baptist Church. This opinion is issued in compliance with the Uniform Rules-Courts of Appeal, Rule 2-16.1.B.
AMENDED AND AFFIRMED.